# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4954 | **DATE** | 9/18/2003 |
| **CASE TITLE** | PINPOINT INC. vs. AMAZON.COM et al. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant Amazon.com, Inc.'s motions to sever [21-1] and stay action against Amazon.com's co-defendants [21-2] and to transfer action against defendant Amazon.com, Inc. to the Western District of Washington [21-3] are denied. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | | |
|---|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | | **Document Number** |
| | No notices required. | | number of notices | | | |
| ✓ | Notices mailed by judge's staff. | | | | | |
| | Notified counsel by telephone. | | SEP 19 2003 | | | |
| | Docketing to mail notices. | | date docketed | | | 57 |
| | Mail AO 450 form. | | | | | |
| | Copy to judge/magistrate judge. | | docketing deputy initials | | | |
| | | | 9/18/03 | | | |
| CB | courtroom deputy's initials | | date mailed notice | | | |
| | | | PW | | | |
| | | | mailing deputy initials | | | |

U.S. DISTRICT COURT
CLERK
03 SEP 19 PM 5:45
FILED FOR DOCK
Date/time received in central Clerk's Office

SEP 1 9 2003

PINPOINT, INC.,                              )
                                             )
                    Plaintiff,               )    No. 03 C 4954
                                             )
        v.                                   )    Suzanne B. Conlon, Judge
                                             )
AMAZON.COM, et al.,                          )
                                             )
                    Defendants.              )

## MEMORANDUM OPINION AND ORDER

Pinpoint Incorporated ("Pinpoint") sues Amazon.com, Inc. ("Amazon") and Babiesrus.com,

LLC, Borders Group, Inc., Borders, Inc., BeMusic, Inc. (incorrectly identified as CDnow, Inc.),

Egghead.com, Inc., Target Corporation, Toys "R" Us, Inc., Toysrus.com, Inc., Virgin Group Ltd. and

Walden Book Company, Inc. (incorrectly identified as Walden Books, Inc.)(collectively, "co-

defendants") for patent infringement pursuant to 35 U.S.C. § 271 *et seq*. Amazon counterclaims for

a declaration of non-infringement and invalidity. Without citing a procedural basis for its motion,

Amazon moves to sever and stay this action against its co-defendants. Once the action is severed,

Amazon, a Delaware corporation with its principal place of business in Seattle, Washington,

contends transfer of its case to the Western District of Washington pursuant to 28 U.S.C. § 1404(a)

("§ 1404(a)") is appropriate.

### DISCUSSION

I.      **Motion to Sever and Stay**

        Fed. R. Civ. P. 20(a) provides in relevant part:

1

57

> All persons . . . may be joined in one action as defendants if there is asserted against them, jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

Under Fed. R. Civ. P. 21, the court may sever any claim against a misjoined party. According to Amazon, Pinpoint's claims against its co-defendants should be severed and stayed because the co-defendants are only peripherally involved in this litigation as Amazon customers.

Although the complaint alleges that the co-defendants are Amazon customers, Pinpoint's complaint can be read to include the co-defendants' independent use of the personalization technology at issue. Specifically, Pinpoint alleges each co-defendant "makes, uses, offers to sell, and/or sells personalization technology." Compl. at ¶¶ 29, 31, 33, 35, 37, 39, 41, 43, 45. In addition, Pinpoint claims its pre-suit investigation revealed that defendant CDnow, Inc. began using personalization technology prior to its affiliation with Amazon. Affidavit of Daniel Henderson at ¶ 7. Amazon does not offer any evidence to the contrary. Nor does Amazon offer evidence that the indemnification agreements with its co-defendants cover independent infringement. Indeed, not one of the co-defendants joins in Amazon's motion, despite representation by the same counsel. Absent evidence that its co-defendants have not used the purportedly infringing technology outside of Amazon, Amazon's motion to sever and stay must be denied.

## II.     Motion to Transfer

Even if the co-defendants have not independently used the purportedly infringing technology, transfer to the Western District of Washington is inappropriate. To prevail on a motion to transfer under § 1404(a), the movant must demonstrate: (1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is

in the interests of justice. *Pasulka v. Sykes,* 131 F.Supp.2d 988, 994 (N.D. Ill. 2001), *quoting TruServ Corp. v. Neff,* 6 F.Supp.2d 790, 793 (N.D. Ill. 1998). The parties agree that venue is proper both in this court and the Western District of Washington. Therefore, Amazon's motion turns on whether transfer would be for the convenience of the parties and witnesses, and is in the interests of justice.

## A.    Convenience of the Parties

In determining the convenience of the parties and witnesses, the court considers: (1) the plaintiff's choice of forum; (2) the site of material events; (3) the availability of evidence in each forum; and (4) the convenience to the witnesses and parties of litigating in the respective forums. *Confederation Des Brasseries de Belgique v. Coors Brewing Co.,* No. 99 C 7526, 2000 WL 88847, at *3 (N.D. Ill. Jan. 20, 2000). Amazon, as the moving party, bears the burden of showing that the Western District of Washington is clearly more convenient than the Northern District of Illinois. *Source Services Corp. v. Technisource, Inc.,* No. 95 C 1420, 1995 WL 493499, at *2 (N.D. Ill. Aug. 9, 1995). Venue should be transferred only if there is a clear balance of inconvenience in the transferor district over the transferee district. *Tsaparikos v. Ford Motor Co.,* No. 02 C 6899, 2002 WL 31844949 (N.D. Ill. Dec. 18, 2002).

A plaintiff's choice of forum is generally given substantial weight under § 1404(a). *Vandeveld v. Christoph,* 877 F. Supp. 1160, 1167 (N.D. Ill. 1995). However, where the plaintiff's choice is not its resident forum, the chosen forum is entitled to less deference. *Bryant v. ITT Corp.,* 48 F.Supp.2d 829, 832 (N.D. Ill. 1999). The Northern District of Illinois is not Pinpoint's resident forum. Therefore, its choice of forum is not given great deference and is only one of many factors the court considers. *Plotkin v. IP Axess, Inc.,* 168 F.Supp.2d 899, 902 (N.D. Ill. 2001).

The second factor does not favor either venue because "the material events of a patent infringement case do not revolve around a particular situs." *Sitrick v. FreeHand Systems, Inc.*, No. 02 C 1568, 2003 WL 1581741, at *3 (N.D. Ill. March 27, 2003). In other words, the comparison involved in determining whether a patent has been infringed does not implicate specific location. *Id., citing Medi USA, L.P. v. Jobst Institute, Inc.*, 791 F. Supp. 208, 210 (N.D. Ill. 1992). It is undisputed that Amazon's alleged infringement occurred in every district in the country. Motion at 7. Therefore, this factor is neutral. *See Colida v. Kyocera Wireless Corp.*, 02 C 7348, 2003 WL 1741396, at *2 (N.D. Ill. April 1, 2003)(situs of material events factor neutral in national patent infringement action brought by foreign plaintiff).

The relative ease of access to sources of proof only slightly favors transfer. A majority of the documents relevant to Pinpoint's claims are at Amazon's corporate headquarters in Seattle, Washington. However, the copying and shipping of documents does not impose a significant burden. All documents necessary to present both sides of the case can easily be transported to either venue. *Hanley v. Omarc, Inc.*, 6 F.Supp.2d 770, 775 (N.D. Ill. 1998). Moreover, the servers that operate Amazon's website features, including the personalization features, are located in Washington and Virginia. Accordingly, this factor carries little weight.

Witness convenience is the most important factor in determining whether transfer is appropriate. *Confederation Des Brasseries de Belgique*, 2000 WL 88847, at *4. In considering this factor, the court must look to the nature and quality of the witnesses' testimony, not just the number of witnesses in each venue. *Id.* The court must also consider whether these witnesses will be subject to compulsory process and the cost to obtain attendance of willing witnesses. *Id.*

4

Amazon names nine potential witnesses. Four of the witnesses currently work for Amazon and five are former employees. Amazon's current employees are irrelevant to the convenience analysis. *See Avesta Sheffield v. Olympic Continental Resources, L.L.C.*, No. 99 C 7647, 2000 WL 198462, at *6 (N.D. Ill. Feb. 14, 2000)("It is presumed that a party's employees will appear as witnesses voluntarily"). Moreover, Amazon does not explain why former employees' testimony is necessary. Indeed, the former employees proposed testimony appears cumulative of current employees' proposed testimony regarding the development of Amazon's personalization technology. Even if former employees' testimony is necessary, Amazon fails to provide evidence that these witnesses will not appear voluntarily or that their testimony cannot be offered through deposition. *Central States v. Kurtz Gravel Co.*, No. 98 C 2174, 1998 WL 684216, at *2 (N.D. Ill. Sept. 18, 1998)(lack of compulsory process does not compel transfer where there is no evidence that witnesses are hostile or reluctant).

In contrast, Pinpoint submits evidence establishing that Chicago is a more convenient forum for its witnesses than Seattle. The inventors of Pinpoint patents reside in West Virginia, Maryland and Pennsylvania. For these witnesses, Chicago is closer and poses lower travel expenses than Seattle. Based on this record, witness convenience strongly weighs in favor of retaining this case.

The court also must consider the convenience of the parties in its § 1404(a) determination. Specifically, the court should consider the parties' respective residences and their ability to bear the costs of litigating in a particular forum. *Avesta Sheffield*, 2000 WL 198462, at *7. Pinpoint is a Texas corporation with its principal place of business in Fort Worth. Pinpoint maintains a Chicago office and has retained Chicago counsel. Amazon is a Delaware corporation with its principal place of business in Seattle. Amazon has retained local counsel, but is represented by California counsel.

5

As a result, Amazon's lead counsel will need to travel whether the case remains here or is transferred to Washington.

More importantly, Pinpoint has offered evidence that it is a one employee company with 2002 assets of $55,000. Amazon, a Fortune 500 company, had sales in excess of one billion dollars in 2002. Under these circumstances, the court will not upset Pinpoint's selection of this forum, especially when Amazon fails to offer any evidence regarding its inability to litigate in Illinois. *See Avesta Sheffield*, 2000 WL 198462, at *7 (transfer inappropriate where the transfer merely transforms an inconvenience for one party into an inconvenience for the other).

**B.      Interests of Justice**

Finally, the court must consider whether transfer is in the interest of justice. The interest of justice analysis focuses on efficient functioning of the courts, rather than the private interests of the litigants. *TIG Ins. Co. V. Brightly Galvanized Products, Inc.*, 911 F.Supp. 344, 346 (N.D. Ill. 1996). In determining the interest of justice, the court considers traditional notions of judicial economy, such as (1) relations of the community to the issues; (2) ensuring a speedy trial; and (3) the respective court's familiarity with the applicable law. *Avesta Sheffield*, 2000 WL 198462, at *7. Both districts are equally capable of resolving federal patent litigation of an international scope. However, this court will ensure a speedy trial by setting a trial date at the status hearing on September 23, 2003. Based on this record, transfer is inappropriate.

## CONCLUSION

Amazon's motions to sever, stay and transfer are denied.

September 18, 2003

ENTER:

Suzanne B. Conlon
United States District Judge