Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4954 | **DATE** | 8/31/2004 |
| **CASE TITLE** | PINPOINT INC. vs. AMAZON.COM, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendants' motion for summary judgment [123-1] is denied in part and granted in part. The motion is granted as to the invalidity of claims 1-7 of U.S. Patent No. 5,754,939. The motion is denied as to non-infringement and invalidity of U.S. Patent Nos. 5,758,257 and 6,088,722. The joint final pretrial order and agreed pattern jury instructions shall be presented on October 14, 2004, 2004, at 9:00 a.m. Plaintiff's draft shall be submitted to defendants by September 20, 2004. Neither side shall submit more than five motions *in limine*; motions shall not exceed 10 pages each. Trial is set on December 6, 2004, at 9:00 a.m. ENTER MEMORANDUM OPINION AND ORDER.
(11) ■ [For further detail see order attached to the original minute order.]

*/s/ Suzanne B. Conlon*

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | SEP 01 2004 | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | 171 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 8/31/2004 | |
| | | date mailed notice | |
| CB | courtroom deputy's initials | 2004 AUG 31 PM 12:10 U.S. DISTRICT COURT | PW |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PINPOINT INC., )
)
Plaintiff, ) No. 03 C 4954
)
v. ) Suzanne B. Conlon, Judge
)
AMAZON.COM, et al., )
)
Defendants. ) **DOCKETED**

SEP 0 1 2004

**MEMORANDUM OPINION AND ORDER**

Pinpoint Incorporated ("Pinpoint") sues Amazon.com, Inc., Babiesrus.com, LLC, Borders Group, Inc., Borders, Inc., BeMusic, Inc. (incorrectly identified as CDnow, Inc.), Egghead.com, Inc., Target Corporation, Toys "R" Us, Inc., Toysrus.com, Inc., Virgin Group Ltd. and Walden Book Company, Inc. (incorrectly identified as Walden Books, Inc.)(collectively, "Amazon") for patent infringement pursuant to 35 U.S.C. § 271 *et seq.*[1] Specifically, Pinpoint claims that Amazon's website contains technology providing personalized book and music video suggestions for customers that infringe U.S. Patent Nos. 5,758,257 ("the '257 patent"), 6,088,722 ("the '722 patent"), and 5,754,939 ("the '939 patent"). Amazon counterclaims for a declaratory judgment of non-infringement and invalidity. Amazon moves for summary judgment on the grounds of non-infringement of the '257 and '722 patents and invalidity of '257 patent claim 17, '722 patent claims 1, 3 and 6, and '939 patent claims 1-7.

---

[1] The co-defendants are Amazon's merchant affiliates. Def. Mem. at 1.

1

## BACKGROUND

### I. Local Rule 56.1

Local Rule 56.1 requires litigants to follow a detailed procedure in filing and responding to summary judgment motions. Local Rule 56.1 requires both the moving and non-moving parties to submit a statement of material facts, including "specific references to the affidavits, parts of the record, and other supporting materials relied upon." Local Rule 56.1(a)(3); Local Rule 56.1(b)(3)(B). However, both parties' briefs rely on facts omitted from their respective statements of facts. *See e.g.*, Def. Mem. at 10-12; Pl. Mem. at 1-2, 20-21. Nevertheless, the court has reviewed the record evidence because neither party has complied fully with the technical requirements of Local Rule 56.1.

### II. Facts

Pinpoint is a Texas corporation that owns several United States patents, including Nos. 5,758,257 ("the '257 patent"), 6,088,722 ("the '722 patent"), and 5,754,939 ("the '939 patent"). Amazon is a Delaware corporation with its principal place of business in Seattle, Washington. Amazon sells, *inter alia*, books, music and DVDs on its website. The '257 and '722 patents predominately concern an invention that assists customers in finding video and cable programs and other broadcast data without any active participation or "channel-surfing" by creating "customized programming channels" or "virtual channels." Pinpoint uses an alternative embodiment of the '257 and '722 patents, specifically one for "home shopping . . . implemented in a kiosk or personal computer designed to assist [customers] in the selection of movies, music, books, and the like" to challenge Amazon's personalization technology as infringing the '257 and '722 patents. *Pinpoint Inc. v. Amazon.com, et al.*, No. 03 C 4954, Memorandum Opinion on Claim Construction, 8/31/04

at 2. The '939 patent concerns an invention to aid users in retrieving electronic materials, *e.g.*, electronic news, and physical materials, *e.g.*, purchasable goods, with minimal effort in "electronic media environments." *Id.*

## A. Patents

All facts are undisputed unless otherwise noted. On May 19, 1998, the Patent and Trademark Office ("PTO") issued Patent No. 5,754,939 to Pinpoint under the name "System For Generation of User Profiles For a System For Customized Electronic Identification of Desirable Objects."[2] Seven days later, on May 26, the PTO issued Patent No. 5,758,257 to Pinpoint under the name "System And Method For Scheduling Broadcast Of And Access to Video Programs And Other Data Using Customer Profiles." The PTO subsequently issued Patent No. 6,088,722 to Pinpoint on July 11, 2000 under the same name as the '257 patent.

## B. Prior Art

According to Amazon, four prior art systems existed prior to, and invalidate, '257 patent claim 17; '722 patent claims 1,3 and 6; and '939 patent claims 1-7. According to Pinpoint, none of these systems, unlike the '939 inventions, teach access to physical items or "electronic mall," and therefore cannot invalidate '939 patent claims 1-7. Pl. Add. Facts at 1-8; Pl. Opp. Mem. at 4.

(1). The LyricTime Jukebox was a personalized music filtering system that recommends and plays songs for a listener using a virtual music jukebox interface created by Dr. Shoshana Loeb and her colleagues at Bell Communications Research. Dr. Loeb attests that she wrote two articles

---

[2] The court refers to the patent holder as Pinpoint. The inventors of the '939 patent are Frederick Herz, Jason M. Eisner, Lyle H. Ungar, Mitchell P. Marcus, and Jonathan Smith. The inventors of the '257 and '722 patents are Frederick Herz, Lyle Ungar, Jian Zhang, David Wachob and Marcos Salganicoff.

describing the operation and capabilities of the LyricTime Jukebox in 1992. Loeb Decl. at ¶ 3. The LyricTime Jukebox uses listener profiles, song databases, and certain information filtering techniques to select songs for the listener. *See* Resnick Decl. Ex. 38 (AMZN 4467-4470). Listener profiles "specify for every mood the type of songs the listener likes and dislikes." *Id.* (AMZN 4469). The song database describes each song by "a set of descriptors which are presented to the filter." *Id.* The filter "uses the listener profiles and the song databases to select songs for the listener." *Id.* Listener profiles are updated to better reflect listeners' preferences using listener-explicit and listener-implicit information. *Id.* Amazon claims that the LyricTime Jukebox's song descriptors use "predetermined characteristics." Def. Facts at ¶ 22; *See also* Def. Reply at 7. Amazon also claims that listeners have the option of specifying a mood on the LyricTime Jukebox interface: calm or cheerful, in order to influence the filter's selection of songs for the listener. Def. Facts at ¶ 21; *See also* Def. Reply at 8. Conversely, Pinpoint claims that the LyricTime Jukebox's song descriptors use "free text" methods, not "predetermined characteristics." Pl. Resp. Def. Facts at ¶ 22; *See also* Pl. Opp. Mem. at 13-14. Pinpoint further claims that the LyricTime Jukebox requires listeners to specify a mood in order to use the interface and to update their profiles. Pl. Resp. Def. Facts at ¶ 21; *See also* Pl. Opp. Mem. at 14-15.

(2). The Newspace Electronic Newspaper was a personalized electronic newspaper that gathers news articles, headlines, audio and video news from a variety of sources for users based on a user-modeling system created by Walter Bender and his collaborators at Massachusetts Institute of Technology's Media Lab as early as the early 1980s and described in a series of papers starting in 1991. Def. Facts at ¶¶ 36-37; *See also* Bender Decl. at ¶¶ 19-25, 34. Users' preferences are determined and continually updated through the system's monitoring users' reading habits and

preferences, such as interest in a particular topic or category of news. *See also* Def. Facts at ¶¶ 39-41; Bender Decl. at ¶¶ 26-28. The system then analyzed the available articles and other content to assemble a personalized newspaper ordered "in terms of both what the user was interested in reading and how the user was interested in reading it." Def. Facts at ¶¶ 40-43; *See also* Bender Decl. at ¶ 29.

(3). The Blockbuster Movie Recommender Kiosk was developed by Buddy Stein. In 1993, he designed and developed a system to provide customers with personalized video rental recommendations based on information from Blockbuster's National Customer Database and the particular Blockbuster store's inventory. Def. Facts at ¶ 48; Stein Decl. at ¶ 6. By February 1994, Stein had a working prototype of this system at Blockbuster's headquarters. Def. Facts at ¶ 49; Stein Decl. at ¶ 8. A few months later, in June 1994, Stein deployed prototype systems for testing in seven Blockbuster stores, concurrently preparing and filing a patent application. Def. Facts at ¶ 50; Stein Decl. at ¶ 8, 13. The June 1994 experimental system compared a user's records for movie rentals, classified based on genre, with the store's available movies in order to recommend movies in the user's preferred genre. Def. Facts at ¶ 50-58; Stein Decl. at ¶¶ 13-15. The kiosk portion of the system presented users with their movie recommendations, which then could be printed out. Stein Decl. at ¶ 16. Testing continued from June to September 1994. *Id.* at ¶ 17. The Patent Office issued U.S. Patent No. 5,459,306 (the '306 patent) to Stein on October 17, 1995, under the name "Method and System for Delivering On Demand, Individually Targeted Promotions." *Id.* at 18.

(4). The Hendricks patent disclosed the use of a computer terminal for selecting and displaying programs for recommendation to a user at particular times on particular channels. Def. Facts at ¶¶ 60, 62. The Hendricks patent was filed in 1993, and U.S. Patent No. 5,798,785 was

issued to John S. Hendricks in 1998, under the name "Terminal for Suggesting Programs Offered on a Television Program Delivery System." Def. Facts at ¶¶ 60-61. This method uses a set top terminal, a user's personal profile indicating historical viewing habits and preferences for program categories, such as sports, comedy, news, etc., and "a program control information signal that provides scheduling and description information for the programs, including category information, e.g., sports, comedy, news." Def. Facts at ¶¶ 63-64. Recommendations are generated by comparing a user's personal profile with the "program control information signal." Def. Facts at ¶¶ 63-64, 68-69, 74-76. Recommended programs most likely to be viewed based on a user's personal profile are displayed to the user on a menu screen that allows for viewing selections. *Id.* The set-top terminal monitors the programs actually watched by the user and the time periods for viewing to aid in updating the user's personal profile to reflect changing preferences. Def. Facts ¶ 78. According to Pinpoint, recommendations are generated not only based on a user's personal profile, but also with reference to mood information not contained in a user's personal profile. Pl. Resp. Def. Facts at ¶ 67; *See also* Pl. Opp. Mem. at 21-22. Conversely, Amazon claims that use of mood information and other data is optional. Def. Reply at 9.

### C. Amazon's website

According to Pinpoint, Amazon's website uses features that infringe the '257, '722, and '939 patents. These features include a program called "Amabot," an email solicitation campaign called "Single New Product," a recommendation algorithm called "Quick Picks," a classification feature called "New For You," and a hierarchical organizational scheme referred to as "browse nodes." Def. Facts at ¶¶ 79-90.

## DISCUSSION

### I. SUMMARY JUDGMENT STANDARD

Summary judgment is proper when the moving papers and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Moore U.S.A., Inc. v. Standard Register Co.*, 229 F.3d 1091, 1104-05 (Fed. Cir. 2000). Once a moving party has met its burden, the nonmovant must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Linear Technology Corp. v. Impala Linear Corp.*, Nos. 02-1569, 02-1576, --- F.3d ---, 2004 WL 1825126, at *12 (Fed. Cir. Aug. 17, 2004). The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the nonmoving party. *Moore U.S.A, Inc.*, 229 F.3d at 1105. A genuine issue of material facts exists when the evidence is sufficient to support a reasonable jury verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Innoval Pure Water, Inc. v. Safari Water Filtration Systems, Inc.*, No. 04-1097, --- F3d ---, 2004 WL 1780928 at *3 (Fed. Cir. Aug. 11, 2004). If the moving party meets this burden, the nonmovant must then respond by setting forth specific facts that demonstrate the existence of a genuine issue for trial. Fed. R. Civ. P. 56(e). "Summary judgment is as appropriate in a patent case as in any other." *Avia Group Int'l, Inc. v. L.A. Gear California, Inc.*, 853 F.2d 1557, 1561 (Fed. Cir. 1988) (internal citations omitted).

### II. INFRINGEMENT

The determination of infringement requires a two-step analysis: (1) the claim must be properly construed to determine its scope and meaning; and (2) the claim as properly construed must

7

be compared to the accused device or process. *Ekchian v. Home Depot, Inc.*, 104 F.3d 1299, 1302 (Fed. Cir. 1997). Claim construction is a question of law, while infringement is a question of fact. *Moore U.S.A., Inc. v. Standard Register Co.*, 229 F.3d 1091, 1105 (Fed. Cir. 2000). The court has completed the first step of claim construction, adopting Pinpoint's proposed construction on the majority of disputed claim terms. Mem. Op. at 5-35. Summary judgment on infringement is appropriate when no reasonable jury could conclude the patent is infringed. *Karlin Tech. Inc. v. Surgical Dynamics, Inc.*, 177 F.3d 968, 974-75 (Fed. Cir. 1999).

Amazon's motion for summary judgment on the basis of non-infringement of the '257 and '722 patents is predicated solely upon its proposed constructions of the phrase "schedul[e] customer access to data [from/of] a plurality of data [sources/objects]" and the term "degree." Def. Mem. at 16 ("Properly construed, so that 'scheduling customer access to data [from/of] a plurality of data [sources/objects]' means assigning day and time slots when a customer will be given access to the data from a multitude of feeds that provide a stream of data, and so that content profiles indicating "degree of content" must do so with mathematical values indicative of degree, as Amazon.com asserts in its earlier claim construction motion, the activities occurring on Amazon.com's website indisputably do not infringe any of the asserted claims of the '257 and '722 Patents"). However, the court previously rejected each of Amazon's proposed constructions. Mem. Op. at 5-8, 15-18, 28-29. Accordingly, Amazon's motion for summary judgment of non-infringement must also fail.

## III. INVALIDITY

Amazon contends that '257 patent claim 17, '722 patent claims 1, 3 and 6, and '939 patent claims 1-7 were anticipated by four prior art systems. Under 35 U.S.C. § 102, a patent is anticipated if:

(a) the invention was . . . used by others in this country, . . . or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for patent, or (b) the invention was . . . described in a printed publication in this or a foreign country or in public use . . . in this country . . . more than one year prior to the date of the application of patent, . . . or . . . (e) the invention was described in . . . (2) a patent granted on an application for patent by another filed in the United States before the invention by the applicant for patent, . . . or . . . (g) . . . (2) before such . . . invention thereof, the invention was made in this country by another inventor who had not abandoned, suppressed, or concealed it.

Anticipation requires the presence in a single prior art reference of each and every limitation of a claim. *Acromed Corp. v. Sofamor Danek Group, Inc.*, 253 F.3d 1371, 1383 (Fed. Cir. 2001). However, "if granting patent protection on the disputed claim would allow the patentee to exclude the public from practicing the prior art, then that claim is anticipated, regardless of whether it also covers subject matter not in the prior art." *Atlas Powder Co. v. Ireco Inc.*, 190 F.3d 1342, 1346 (Fed. Cir. 1999). Anticipation is a question of fact. *Acromed Corp.*, at 1378-79.

### A. '939 patent (Claims 1-7)

Amazon argues that '939 patent claims 1-7 are invalid as anticipated by the Newspace Electronic Newspaper, the Hendricks patent, and the LyricTime Jukebox. Amazon's motion primarily focuses upon the Newspace Electronic Newspaper, as used publicly in 1991, and described in 1991 and 1993 publications, more than a year prior to Pinpoint's claimed invention date. According to Amazon, the Newspace Electronic Newspaper discloses each and every element of the asserted claims of the '939 patent. This argument is based on Amazon's contention that the '939 patent was not the first "system to help users find desired electronic news and other material on the Internet." Def. Mem. at 23. Pinpoint fails to address the specifics of Amazon's invalidity argument. Instead, Pinpoint merely distinguishes the purported prior art from the '939 invention solely on the basis that none teach access to physical items or "electronic mall."

Pinpoint's failure dooms '939 patent claims 1-7. Claim 1 of the '939 patent, on which all other asserted claims depend, provides:

> A method of providing a user with access to a selected ones of a plurality of target objects and sets of target object characteristics that are accessible via an electronic storage media, where said users are connected via user terminals and data communication connections to a target server system which accesses said electronic storage media, said method comprising the steps of:
>
> [1] automatically generating at least one user target profile interest summary for a user at a user terminal, each of said user target profile interest summary being indicative of ones of said target objects and sets of target object characteristics accessed by said user; and
>
> [2] storing said at least one user target profile interest summary in a memory.

The court has construed the disputed language of Claim 1 in accord with Pinpoint's proposed construction. Mem. Op. at 31-34. Specifically, the disputed phrase "selected ones of a plurality of *target objects* and sets of target object characteristics that are accessible via an electronic storage media" means "selected ones of a plurality of *physical or electronic objects* and/or sets of their characteristics available for access by the user, that are capable of being obtained, used, seen, or known, by means of electronic storage media." *Id.* at 34. As Amazon correctly argues, this construction renders the '939 patent invalid. Def. Reply at 2 (quoting *Atlas Powder Co. v. Ireco Inc.*, 190 F.3d 1342, 1346 (Fed. Cir. 1999) ("Anticipation of a patent claim requires a finding that the claim at issue 'reads on' a prior art reference. . . . In other words, if granting patent protection on the disputed claim would allow the patentee to exclude the public from practicing prior art, then that claim is anticipated, *regardless of whether it also covers subject matter not in the prior art*") (emphasis added)). The asserted claims of the '939 patent, as construed, are not limited to accessing physical objects, but also cover subject matter of the prior art, including the access of solely

electronic objects. *Id.* at 34 (construing relevant claim language as "a method of providing a user with access to a selected ones of a plurality of *physical or electronic objects* and/or sets of their characteristics available for access by the user, that are capable of being obtained, used, seen, or known, by means of electronic storage media"). As Pinpoint concedes, the latter are anticipated by the prior art. Pl. Opp. Mem. at 4 ("all three pieces of prior art teach the recommendation of electronic information only"). Pinpoint fails to advance any other evidence raising a genuine issue of fact as to the invalidity of '939 patent claims 1-7. Accordingly, summary judgment must be granted.

**B. '257 patent (Claim 17) and '722 patent (Claims 1, 3, 6)**

Amazon argues that Claim 17 of the '257 patent and Claims 1, 3 and 6 of the '722 patent are invalid as anticipated by the LyricTime Jukebox, the Blockbuster Movie Recommender kiosk, and the Hendricks patent. Pinpoint challenges the propriety of summary judgment, arguing that genuine issues of material fact exist as to whether each and every limitation of the claims is present in the prior art.

**(1). LyricTime Jukebox**

Amazon claims that the LyricTime Jukebox invalidates Claim 17 of the '257 patent and Claims 1, 3 and 6 of the '722 patent. Pinpoint responds that summary judgment is improper because the LyricTime Jukebox does not contain the claim limitation of '257 patent claim 17 or '722 patent claims 1, 3, and 6 regarding the use of "predetermined characteristics." In addition, Pinpoint argues that the LyricTime Jukebox does not contain the claim limitation of Claim 17 of the'257 patent of "updating without input from the customer." Pinpoint also challenges Amazon's contention that the patent examiner failed to consider the LyricTime Jukebox as prior art.

11

Pinpoint presents sufficient evidence to create a genuine issue of material fact as to whether the LyricTime Jukebox contains the claim limitation of '257 patent claim 17, and '722 patent claims 1, 3 and 6, regarding the use of "predetermined characteristics." Claim 17 of the '257 patent, for example, provides:

> A method of scheduling customer access to data from a plurality of data sources, comprising the steps of:
>
> [1] creating at least one customer profile for each eligible recipient of said data, said customer profile indicating the customer's preferences for data having *predetermined characteristics*;
>
> [2] creating content profiles for each data source of said data, said content profiles indicating the degree of content of said *predetermined characteristics* in data from each data source;
>
> [3] monitoring which data sources are actually accessed by each recipient; and
>
> [4] updating, without input from each customer, each customer profile in accordance with the content profiles of the data sources actually accessed by that customer to automatically update each customer's actual preferences for said predetermined characteristics.

Pl. Mem. App. at Ex. 2, Col. 55 (emphasis added). Pinpoint contends the LyricTime Jukebox does not use "predetermined characteristics," a term this court construes as meaning "the characteristics are established before the system practices the method claimed." Mem. Op. at 14. Rather, Pinpoint's expert opines that the LyricTime Jukebox uses "free-text" methods, not "predetermined characteristics," to characterize songs. Pl. Opp. Mem. at 13, citing Pazzini Decl. at ¶ 65 ("LyricTime does not choose the song descriptors from a predetermined set and does not uniquely identify the descriptors. LyricTime's free-text profiles will not work as effectively as the structured profiles – using predetermined characteristics – of the '257 and '722 patents"). Amazon's reply disputes the

opinion of Pinpoint's expert by attaching the declaration of Dr. Loeb, the primary inventor of the LyricTime Jukebox.

Contrary to Amazon's position, Dr. Loeb's declaration fails to resolve this issue as a matter of law. Although Dr. Loeb indicates that some descriptive attributes in the LyricTime Jukebox were "fixed," which the court presumes means "predetermined," she also concedes the need to add other descriptive attributes over the course of time. Loeb Decl. at ¶ 7. A reasonable jury could infer that the Lyrictime Jukebox's *subsequent* additions of other descriptive attributes fail to mirror the claim limitation regarding "predetermined characteristics" as construed by this court: "the characteristics are established *before* the system practices the method claimed." Mem. Op. at 14 (emphasis added). Nor has Amazon or Dr. Loeb sufficiently addressed Pinpoint's contention that the LyricTime Jukebox's set of descriptors do not work as well as the "predetermined characteristics" claim limitation of '257 patent claim 17, and '722 patent claims 1, 3 and 6. *See* Pl. Opp. Mem. at 14.[3] Summary judgment must be denied because a genuine issue of material fact exists as to whether the LyricTime Jukebox uses the "predetermined characteristics" claimed in '257 patent claim 17, and '722 patent claims 1, 3 and 6.

**(2). Blockbuster kiosk**

Amazon contends the Blockbuster Movie Recommender kiosk invalidates Claim 17 of the '257 patent, and Claims 1, 3 and 6 of the '722 patent. In response, Pinpoint argues that summary

---

[3] Specifically, Pinpoint argues "[w]ithout unique identifiers for characteristics and descriptors selected from a predefined list, the LyricTime system is unable to understand, for example, that 'John Cougar,' 'John Cougar Mellencamp,' and 'John Mellencamp' are the same performer. Pazzani Decl. at ¶ 66. Nor is the LyricTime system capable of distinguishing a user's preference for the Linda Ronstadt song named 'Goodbye' from that user's preference for the Elton John song 'Goodbye.'" Pl. Opp. Mem. at 14.

13

judgment is inappropriate because the Blockbuster Movie Recommender kiosk (1) cannot be considered prior art; (2) does not contain the claim limitation of '722 patent claims 1, 3 and 6 of "presenting said subset of data to said customer for selection;" and (3) does not contain the claim limitation of '722 patent claim 3, and '257 patent claim 17 of "monitoring which data objects/sources are actually accessed by said customer" and updating of the customer profile "in accordance with the content profiles of the data objects/sources actually accessed by that customer to update that customer's actual preferences for said predetermined characteristics." Pl. Opp. Mem. at 15-20. Pinpoint also disputes Amazon's contention that the patent examiner failed to consider the Blockbuster Movie Recommender kiosk as prior art. *Id.* at 18.

The court need not reach the majority of Pinpoint's arguments because a genuine issue of material fact exists as to whether the Blockbuster Movie Recommender kiosk constitutes prior art, or more precisely, an anticipating prior invention. See 35 U.S.C. § 102(g)(2) ("a person shall be entitled to a patent unless . . . before such person's invention thereof, the invention was made in this country by another inventor who had not abandoned, suppressed, or concealed it"). Amazon's motion is predicated upon the affidavit of Buddy Stein, the inventor who received U.S. Patent No. 5,459,306 with respect to the Blockbuster Movie Recommender kiosk in October 1995. Stein attests to his 1993 design and development of a system capable of providing customers with personalized video rental recommendations. Stein further attests he had a working prototype of the system at Blockbuster's headquarters by February 1994, and he deployed prototype systems for testing in seven Blockbuster stores in June 1994. Amazon's comparison of the Blockbuster Movie Recommender kiosk with Claim 17 of the '257 patent, and Claims 1, 3 and 6 of the '722 patent, relies solely upon Stein's description of the prototype systems used in seven Blockbuster stores in June 1994, for which

14

he concurrently filed a patent application. Stein has not, however, attested that the working prototype used at Blockbuster's headquarters in February 1994 contained all the features of the prototype systems deployed in June 1994 or the '306 patent as filed and ultimately issued. Nor has Amazon's expert provided an opinion about anticipation of the asserted claims, other than his opinion as to how the Blockbuster Movie Recommender kiosk compares to the asserted claims based on the '306 patent disclosure filed in June 1994 and issued in October 1995. This failure is fatal, for the parties rely on Pinpoint's claimed invention date of March 14, 1994 for purposes of summary judgment. Absent evidence that the Blockbuster Movie Recommender kiosk, *as it existed prior to March 15, 1994*, contained each and every element of the asserted claims, summary judgment must be granted. Amazon's inclusion of a single printout, dated March 14, 1994, from a prototype system at Blockbuster's headquarters cannot change this result. Not only does the printout appear to be inadmissible hearsay, it actually supports Pinpoint's contention that the prototype set up at Blockbuster's headquarters in February 1994 differs from the one ultimately deployed in Blockbuster stores in June 1994, on which the '306 patent was filed and issued. Stein Decl. at ¶ 16 ("A copy of a Personal Video Picks printout, dated March 14, 1994, from our *early prototype* set up at Blockbuster headquarters, bearing the bates-number AMZN 031442, is attached") (emphasis added). A reasonable jury could find the Blockbuster Movie Recommender kiosk is not an anticipating prior invention under 35 U.S.C. § 102(g)(2).

### (3). Hendricks patent

Amazon's final contention is that the Hendricks patent invalidates Claim 17 of the '257 patent, and Claims 1, 3 and 6 of the '722 patent. Pinpoint challenges the propriety of summary judgment, arguing that genuine issues of material fact exist as to whether the Hendricks patent (1)

contains the claim limitation of '722 patent claims 1, 3 and 6 of "relating said at least one customer profile with the content profiles for the data available from each data object to the customer at a particular time;" and (2) contains the claim limitation of '257 patent claim 17 of "updating, without input from each customer, each customer profile in accordance with the content profiles of the data sources for said predetermined characteristics." Pl. Opp. Mem. at 22-23.

Pinpoint has identified a genuine issue of material fact precluding judgment as a matter of law on '722 patent claims 1, 3, and 6, and on '257 patent claim 17. Amazon's motion contends that '722 patent claims 1, 3 and 6 claims are anticipated by the Hendricks patent. In response, Pinpoint argues these claims are not invalidated as anticipated because the Hendricks patent "relies on additional customer information [such as mood information] outside of the customer profile in making recommendations." Pl. Mem. at 21. Amazon's reply contends that Pinpoint is wrong; that the "use of material other than the [customer] profile is *optional*[.]" Pinpoint's argument finds support in Amazon's own expert's opinion. Although Dr. Resnick attests that the relevant '722 patent claim limitation, "relating said at least one customer profile with the content profiles for the data available from each data object to the customer at a particular time," is taught by the Hendricks' patent; Dr. Resnick's declaration allows a reasonable jury to infer that gathering of "mood information" is required, not optional. *See* Resnick Decl. at Ex. 28 (citing Ex. 44, Fig 13b) (providing for "gather[ing] mood information" in the first tier of a multi-tiered graphic in order to "interpret into preferred program indicators" in the second tier). A genuine issue of material fact requires the denial of Amazon's summary judgment motion as to invalidity of '722 patent claims 1, 3 and 6.

Amazon's invalidity argument as to '257 patent claim 17 is similarly doomed. Amazon argues the Hendricks patent teaches the limitation of '257 patent claim 17 of *"updating, without input from each customer*, each customer profile in accordance with the content profiles of the data sources actually accessed by that customer to automatically update each customer's actual preferences for said predetermined characteristics." Pl. Mem. at 23 (quoting Ex. 2, Col. 55) (emphasis added). As explained, a genuine issue of material fact exists as to whether customer-provided mood information is required by, as opposed to an option of, the Hendricks patent. This factual dispute is also fatal to Amazon's summary judgment motion on '257 patent claim 17 because mood information may not be "updat[ed], without input from each customer." *See* Pazzani Decl. at ¶ 75 ("Updating of a combination of the personal profile and mood information is not 'without input from the customer,' because the customer actively inputs mood information in the Hendricks '785 system"). Accordingly, summary judgment must be denied.

## CONCLUSION

Amazon is entitled to judgment as a matter of law as to the invalidity of claims 1-7 of U.S. Patent No. 5,754,939. Pinpoint's claims with respect to U.S. Patent Nos. 5,758,257 and 6,088,722 must proceed to trial.

August 31, 2004

ENTER:

Suzanne B. Conlon
United States District Judge