Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Richard A. Posner | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 4954 | DATE | 11/19/2004 |
| CASE TITLE | Pinpoint, Inc. vs. Amazon.com, Inc. et al | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION & ORDER:** Per pretrial conference, evidentiary hearing on standing is scheduled for December 3, 2004, at 9:00 am. Jury trial begins on December 6, 2004, at 9:00 am. Plaintiff's motion *in limine* to exclude Mark Nusbaum's opinion testimony [175-1] and defendants' motion *in limine* to exclude William Ellis' opinion testimony [180-1] are granted in part and denied in part. Nusbaum and Ellis may not testify to bare legal standards and, to the extent either witness' testimony duplicates that of the parties' technical experts, their testimony is excluded. Nusbaum and Ellis will testify outside the jury's presence. Counsel shall not refer to their testimony in the jury's presence. In addition, counsel shall not refer to prior art disclosure during the '939 patent prosecution, or Pinpoint's evidence to support conception or diligence in the jury's presence. Defendants' remaining motions *in limine* [182-1], [183-1], [179-1], [181-1] are denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | | number of notices |
| ✓ | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | 2 2 2004 date docketed | |
| | Docketing to mail notices. | U.S. DISTRICT COURT | |
| | Mail AO 450 form. | | docketing deputy initials |
| | Copy to judge/magistrate judge. | 2004 NOV 19 PM 4:45 | 214 |
| SCT | courtroom deputy's initials | | 11/19/2004 date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Pinpoint Inc.,

    *Plaintiff,*

v.

Amazon.com, Inc. et al.,

    *Defendants.*

No. 03 C 4954

Judge Richard A. Posner
sitting by designation

## MEMORANDUM OPINION & ORDER

Pinpoint Incorporated ("Pinpoint") sues Amazon.com, Inc., Babiesrus.com, LLC, Borders Group, Inc., Borders, Inc., BeMusic, Inc. (incorrectly identified as CDnow, Inc.), Egghead.com, Inc., Target Corporation, Toys "R" Us, Inc., Toysrus.com, Inc., Virgin Group Ltd. and Walden Book Company, Inc. (incorrectly identified as Walden Books, Inc.) (collectively, "Amazon") for patent infringement pursuant to 35 U.S.C. § 271 *et seq.*[1] Pinpoint charges Amazon with infringement of two Pinpoint patents. Specifically, Pinpoint claims Amazon's website contains technology providing personalized book and music video suggestions for customers that infringe U.S. Patent Nos. 5,758,257 ("the '257 patent"), 6,088,722 ("the '722 patent"), and 5,754,939 ("the '939 patent"). Amazon denies infringing the patents and argues the patents' claims are invalid and unenforceable. On August 31, 2004, this court granted Amazon summary

---

[1] The co-defendants are Amazon's merchant affiliates.

1

judgment motion on the issue of invalidity of claims 1-7 of the '939 patent. Amazon's summary judgment motion was denied as to non-infringement and invalidity of the '257 and '722 patents. Both parties move *in limine* to bar evidence at trial.

## DISCUSSION

### I. Standard of Review

Evidence is excluded on a motion *in limine* only if the evidence is clearly inadmissible for any purpose. *See Hawthorne Partners v. AT&T Technologies*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Motions *in limine* are disfavored; admissibility questions should be ruled upon as they arise at trial. *Id.* Accordingly, if evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy and prejudice to be resolved in context. *Id.* at 1401. Denial of a motion *in limine* does not indicate evidence contemplated by the motion will be admitted at trial. Instead, denial of the motion means the court cannot or should not determine whether the evidence in question should be excluded before trial. *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989).

### II. Inequitable Conduct Attorney-Witnesses

Pinpoint moves to exclude the expert reports and testimony of Mark Nusbaum, an attorney-witness Amazon offers to support its inequitable conduct defense. In turn, Amazon moves to exclude the expert reports and testimony of William Ellis, an attorney-witness Pinpoint offers to oppose Amazon's inequitable conduct defense. The

parties' arguments to exclude the attorney witnesses substantially overlap. Accordingly, the court addresses the motions together.

A.   **Pinpoint's Motion**

Pinpoint seeks to exclude Mark Nusbaum's opinions about Patent and Trademark Office ("PTO") procedures and inequitable conduct legal standards. Pinpoint seeks to exclude Nusbaum's opinions to the extent they: (1) explain general PTO practices; (2) summarize prosecution histories; (3) explain duty of disclosure and materiality standards; and (4) opine on the materiality of undisclosed prior art. Pinpoint contends Nusbaum's opinions regarding PTO procedures inappropriately criticize the PTO and summarize a variety of patent law issues. Pinpoint cites an opinion excluding Nusbaum's testimony that insinuated the PTO does not do its job properly. *See Applied Materials, Inc. v. Advanced Semiconductor Materials Am., Inc.*, No. 92-20643 RMW, 1995 WL 261407, at *3 (N.D. Cal. Apr. 25, 1995). Pinpoint contends Nusbaum's explanation of patent law is unnecessary because the court does not need his explanations of the legal requirements of an applicant's duty to disclose or the materiality of undisclosed prior art; Nusbaum admitted he lacks technical qualifications or skill in the art. Pinpoint asserts his testimony would be cumulative of Amazon's technical expert about the same prior art references. Finally, Pinpoint argues summaries of prosecution histories are unnecessary because the histories are self-explanatory and will be trial exhibits.

Amazon responds that expert testimony on PTO operations can be helpful, citing *Chamberlain Group, Inc. v. Interlogix*, No. 01 C 6157, 2002 U.S. Dist. LEXIS

3

6998, at *3-4 (N.D. Ill. Apr. 18, 2002). Amazon contends Nusbaum does not criticize the PTO. Rather, he notes the time constraints patent examiners face to demonstrate why the PTO must rely on the duty of disclosure and candor. Further, Amazon contends Nusbaum, a former PTO examiner, member of the Board of Patent Appeals and Interferences, patent attorney, and author of PTO Computer Programming Guidelines, is qualified to provide expert opinion testimony regarding undisclosed prior art. Amazon asserts Nusbaum will explain the PTO's incorporation of law into the procedures and practices used to examine patents, but will not testify about regulations and case law. In addition, Amazon argues Nusbaum's testimony summarizing the patent histories is not merely a "factual narrative," as Pinpoint alleges. Rather, Amazon contends his testimony focuses the trier of fact's attention on the relevant issues buried in the histories, which may be helpful to understanding the issues in this patent infringement action. *Chamberlain Group*, 2002 U.S. Dist. LEXIS 6998, at *3-4. Finally, Amazon notes courts only discourage the use of patent lawyers as experts when they seek to provide opinions on the interpretation of a claim as a matter of law. *Id.*

### B. Amazon's Motion

Amazon seeks to exclude William Ellis' testimony that: (1) opines on conclusions of law; (2) asserts material from one patent examination is considered in another patent's proceedings; and (3) opines on earlier conception or reduction to practice. Amazon argues Ellis is unskilled in the relevant art and therefore unqualified to give expert testimony about prior art. Further, Amazon asserts Ellis' testimony is

4

cumulative of Pinpoint's technical expert, and that his testimony regarding the PTO recites regulations and case law unhelpful to the court. Amazon argues the court does not need a patent lawyer's advice about patent law. In addition, Amazon contends Ellis impermissibly offers legal opinions regarding the obligation of good faith and candor to the PTO, the definition of a person of ordinary skill in the art, and the elements and burdens of Amazon's inequitable conduct defense. Finally, Amazon argues Ellis should not be permitted to opine that prior art cited in a continuation-in-part application has been considered by the reviewing examiner, or regarding conception or diligence in the absence of requisite third-party testimony.

Pinpoint correctly notes Amazon offers many of the same arguments, and cites some of the same case law found in Pinpoint's memorandum to exclude Nusbaum. Because many of the arguments overlap, Pinpoint contends the parties appear to agree on four issues: (1) testimony on the legal standards governing inequitable conduct is improper legal opinion that does not assist the trier of fact; (2) to the extent expert testimony regarding prior art is cumulative to technical expert testimony regarding the same prior art, prior art opinions should be excluded; (3) to the extent an expert is not skilled in the relevant art, his opinion testimony is unreliable; and (4) Ellis will not testify regarding conception or diligence in reduction to practice. However, Pinpoint argues Ellis should be permitted to testify, especially to rebut Nusbaum about PTO practice and procedure regarding the examination of familial applications and the consideration of prior art during familial prosecutions. Pinpoint also disputes

Amazon's contention Nusbaum may explain PTO procedures. Pinpoint asserts his testimony unnecessarily attempts to teach PTO procedures to the court.

C. **Findings**

The motions *in limine* are granted in part and denied in part. Neither attorney's testimony is clearly inadmissible for all purposes. A patent lawyer may testify in a patent suit. *Endress + Hauser, Inc., v. Hawk Measurement Sys. Pty, Ltd.*, 122 F.3d 1040, 1042 (Fed. Cir. 1997). The challenged testimony regarding the materiality of undisclosed prior art is not inadmissible. An attorney's lack of technical expertise goes to the weight of his testimony, not its admissibility. The court has discretion to adopt legal opinions as its own, find guidance from them, or disregard them completely. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 983 (Fed. Cir. 1995). However, attorney testimony regarding inequitable conduct legal standards is unhelpful and neither witness may offer opinions on this subject. Fed. R. Evid. 702. To the extent either witness' testimony duplicates that of the same party's technical expert, the testimony is excluded. Fed. R. Evid. 403. Amazon's motion to prevent Ellis from testifying regarding conception and diligence is moot in light of Pinpoint's representation it will not offer Ellis' testimony on these subjects. The attorneys may testify regarding PTO procedures, including PTO's reliance on the duty of disclosure and practices in familial prosecutions. *Chamberlain Group, Inc.*, 2002 U.S. Dist. LEXIS 6998 at *3-4. Summaries of the prosecution histories are not clearly inadmissible and the court must reserve ruling on their admissibility until the context of trial.

Neither party submits inequitable conduct jury instructions. Pinpoint contends the parties agree the court should determine the inequitable conduct issue and suggests the court hear that issue outside the jury's presence. Inequitable conduct is an issue for the court, not the jury, to decide. *Paragon Podiatry Lab., Inc. v. KLM Labs., Inc.*, 984 F.2d 1182, 1190 (Fed. Cir. 1993). "A patent case is complex and confusing enough for a jury without infusing evidence which has no relevance to the issues to be decided by that jury." *THK Am., Inc. v. NSK, Ltd.*, No. 90 C 6049, 1996 U.S. Dist. LEXIS 226, *4 (N.D. Ill. Jan. 9, 1996). Because evidence of inequitable conduct is effectively evidence of fraud, there is a danger the evidence may "spill over" to Pinpoint's prejudice on issues that *are* before the jury. *Id.* at *4-5. Nusbaum and Ellis will testify outside the jury's presence. Counsel shall not refer to either attorney's testimony in the jury's presence.

### III. Amazon's Motions

#### A. Motion to Exclude Undisclosed Prior Art

Amazon contends Pinpoint engaged in inequitable conduct by failing to disclose prior art to the PTO during the '257 and '722 patents' prosecutions. Amazon explains the '257 patent is a parent patent; the '722 and '939 patents are continuation-in-part patents of the '257 patent. Amazon seeks to preclude Pinpoint from defending the inequitable conduct charges by arguing it did not possess the requisite level of intent to deceive the PTO because: (1) the prior art was disclosed in the '939 patent prosecution; and (2) one of the patent examiners on the '939 patent was an examiner

7

in the '257 and '722 patents. According to Amazon, the '939 patent prosecution history reflects the examiners of the patent were not identified when the inventors disclosed the prior art to the PTO. Therefore, Amazon contends, the inventors did not know they were submitting the prior art to the same examiners. Amazon argues Pinpoint's reference to the '939 patent prosecution to defend against a charge of inequitable conduct on the '257 and '722 patents is irrelevant, overly prejudicial and insufficient as a matter of law.

Pinpoint responds inequitable conduct is an issue for the court and all concerns regarding prejudice are easily cured by trying the inequitable conduct case outside the jury's presence. Pinpoint further argues the fact the challenged prior art was disclosed during the '939 prosecution to the *same examiners* who considered the '257 and '722 patents is critically relevant to whether the inventors had the requisite intent to deceive. According to Pinpoint, the evidence does not show the inventors were unaware of the identity of the examiners in the '939 patent. Pinpoint contends an inventor's disclosure of a prior art reference in a later prosecution tends to disprove an intent to deceive the PTO with respect to that reference in an earlier prosecution. *Akron Polymer Container Corp. v. Exxel Container, Inc.*, 148 F.3d 1380 (Fed. Cir. 1998); *Boehringer Ingelheim Vetmedica, Inc. v. Schering-Plough Corp.*, 106 F. Supp. 2d 667, 679-80 (D.N.J. 2000). Pinpoint asserts the inventors did in fact know the '939 patent examiners would review the '257 patent, and, in any event, the '939 disclosures occurred before the PTO allowed the '257 and '722 patents.

Irrelevant evidence is inadmissible. Fed. R. Evid. 402. Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, waste of time, and jury confusion. Fed. R. Evid. 403. Pinpoint's disclosure of prior art during prosecution of the '939 patent is not inadmissible for all purposes. The inventors' disclosure of prior art is relevant to their intent to deceive. The fact disclosure occurred during prosecution of the child patent, as opposed to the parent, or possibly before the inventors knew who the examiners were, goes to the weight of the evidence as opposed to admissibility. When examining intent to deceive, the court must consider all the evidence, including evidence of good faith. *Gabro Lundia AB v. Baxter Healthcare Corp.*, 110 F.3d 1573, 1580 (Fed. Cir. 1997). Because the inequitable conduct claims will be tried to the court, concerns of prejudice to the jury are unwarranted. The motion *in limine* must be denied. Counsel shall not refer to this prior art disclosure issue in the jury's presence.

### B. Motion to Exclude Testimony of Dr. Michael Pazzani

Amazon moves to bar Pinpoint expert Dr. Michael Pazzani's testimony that: (1) opines on infringement without providing an element-by-element analysis demonstrating how Amazon's website performs each required claim step of each claimed method in making a recommendation to a customer on its website; and (2) offers opinions that differ, expand upon, or controvert this court's August 31, 2004

claim construction. Amazon contends Pazzani's two expert reports discuss Amazon's infringement of the '257 and '722 patents without identifying the specific algorithms or features of the website that include each and every element of the patents' claims. Amazon argues Pazzani's reports accuse Amazon of practicing individual elements of asserted claims. However, Amazon contends Pazzani fails to identify how a single feature or method for making a recommendation includes all elements of the asserted claims, nor does he identify how a set of features or algorithms on the website comprise a method that includes every element of the asserted claims. Amazon argues conclusory opinions should be excluded pursuant to Fed. R. Evid. 401-403, because "if any claim limitation is absent from the accused device, there is no literal infringement as a matter of law." *Bayer AG v. Elan Pharm. Research Corp.*, 212 F.3d 1241, 1247 (Fed. Cir. 2000). Finally, Amazon is concerned Pinpoint will seek to distinguish prior art by having Pazzani elaborate on this court's claim construction.

Pinpoint responds that Amazon is attempting to try the merits of its non-infringement defense through the exclusion of Pazzani's testimony. According to Pinpoint, Pazzani engaged in an exhaustive examination of numerous features of Amazon's website and concluded Amazon practiced the methods of Pinpoint's claims on an element-by-element basis. Contrary to Amazon's assertion that Pinpoint must show a particular feature infringes Pinpoint's patent claims, Pinpoint explains Amazon infringes Pinpoint's claims through a combination of features, recommendation algorithms, and supporting customer and content profiles. Pinpoint contends Amazon's motion takes portions of Pazzani's reports out of context and ignores Pazzani's detailed

analyses of Amazon's data structures, algorithms and customer profiles. Pinpoint argues Pazzani's opinions reflect extensive analysis of Amazon's website to support his infringement opinion as to each element of each asserted claim. Pinpoint will not ask Pazzani to give claim construction testimony and his opinions are consistent with the court's claim construction.

Pazzani's testimony is not inadmissible for all purposes. Pinpoint's attacks on Pazzani's conclusions and supporting reasons are appropriate questions for cross-examination. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 596 (1993). Determination of the admissibility of Pazzani's testimony must await trial to allow objections to be resolved in context. The motion to preclude Pazzani from giving claim construction testimony is moot in light of Pinpoint's representation it will not proffer testimony on that subject. The motion *in limine* must be denied.

### C. Motion to Exclude Testimony of Julie Davis

Amazon seeks to exclude Julie Davis' testimony and expert reports. Pinpoint offers Davis' testimony to establish its damages and a reasonable royalty under 35 U.S.C. § 284. Amazon contends Davis' opinion lacks sound economic and factual predicates: her opinion that Pinpoint's potential damages range between 0.4-1.3% of Amazon's net U.S. sales is speculative. Amazon contends Davis multiplied three components to determine profits attributable to the accused infringing features: (1) sales related to personalization; (2) the percentage of personalization features alleged to infringe; and (3) Amazon's contribution margin. According to Amazon, Davis bases each multiplier upon inadequate and unreliable data and departs from the intellectual

11

rigor she would normally employ outside her role as a paid litigation consultant. Finally, Amazon argues Davis ignores governing law in selecting the royalty base for her calculation.

Pinpoint responds that Amazon attempts to substitute a motion *in limine* for cross-examination. Pinpoint argues Davis' opinions satisfy each component of Fed. R. Evid. 702. Pinpoint asserts the opinions are based on sufficient facts and data because Davis relied on Amazon's internal documents, sworn statements by Amazon employees, and Pinpoint's technical expert to estimate the percentage of personalized sales that resulted from Amazon's infringement. In addition, Pinpoint argues Davis' opinions are the product of reliable principles, as she analyzed the fifteen factors identified in *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970), *modified and aff'd*, 446 F.2d 295 (2d Cir. 1971), to determine a reasonably royalty based on a hypothetical negotiation between Amazon and Pinpoint. Finally, Pinpoint argues Davis applied her methods reliably to the facts. Pinpoint notes Amazon does not challenge Davis' credentials or her expertise in analyzing hypothetical license agreements and suggests Amazon's arguments are more appropriately raised during cross-examination.

Fed. R. Evid. 702 provides the standard for admitting expert scientific testimony. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Trial courts are obligated to exlcude unreliable expert testimony. This obligation does not include a determination whether an expert opinion is correct; rather the court's obligation is to examine the reliability of the expert's methodology. *Id.* at 593-96; *Quiet*

*Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333, 1340-44 (11th Cir. 2003), *citing Kumho Tire Co., Ltd., v. Carmichael*, 526 U.S. 137, 153-54 (1999). Davis' methodology, hypothetical negotiation, is not at issue. Hypothetical negotiation is a reliable methodology for determining adequate compensation for infringement. *Micro Chemical, Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1393 (Fed. Cir. 2003); *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1108-10 (Fed. Cir. 1996). Amazon concedes that Davis' method, a hypothetical negotiation between Pinpoint and Amazon, is appropriate. Instead, Amazon challenges Davis' facts and her application of the methodology. The application of reliable methodology goes to the evidence's probative value, not admissibility. *Quiet* at 1343-46. Challenges addressing flaws in the expert's application of reliable methodology are appropriate for cross-examination. *Daubert*, 509 U.S. at 596 ("vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of challenging shaky but admissible evidence"); *see also Quiet*, 326 F.3d at 1344-45. Determination of the admissibility of Davis' testimony must await trial to allow resolution of objections in context. The motion *in limine* must be denied.

### D. Motion to Exclude Evidence on Conception and Diligence

Amazon contends it repeatedly requested information from Pinpoint regarding the independent facts and testimony on which Pinpoint intends to rely regarding: (1) the date the patent claims in issue were invented; and (2) diligence in reducing the conception to practice. Amazon asserts it received no satisfactory response and,

13

because the law requires independent corroboration of the dates and circumstances inventors advance for their inventions, Pinpoint must be precluded from introducing the inventors' uncorroborated documents and testimony. According to Amazon, inventor testimony and documents purporting to be from the inventors may not prove conception without corroboration. In addition, Amazon asserts Pinpoint will attempt to circumvent its inability to establish the required corroboration by having Pazzani testify about conception of the asserted claims. Amazon argues his testimony is inappropriate because corroboration of conception must be contemporaneous; Pazzani possesses only litigation-derived knowledge.

Pinpoint responds an invention's earlier conception may be proven either: (1) through the testimony of an inventor, provided the party introduces evidence to corroborate the oral testimony of conception, *Mahurkar v. C.R. Bard, Inc.*, 79 F.3d 1572, 1577 (Fed. Cir. 1996) or (2) directly through documentary evidence if the documents are sufficient to enable those skilled in the art to understand the invention concept, *Price v. Symsek*, 988 F.2d 1187, 1195-96 (Fed. Cir. 1996). Pinpoint argues Amazon's motion ignores the second legal method for proving an invention's conception date and misstates the law regarding the first. According to Pinpoint, the first method of proof, independent corroboration of an inventor's testimony, applies to conception and to proof of actual reduction to practice. Pinpoint asserts it will show constructive reduction to practice and, because Pinpoint does not intend to introduce evidence of actual reduction to practice, the independent corroboration concept to diligence does not apply. As to conception, Pinpoint intends to prove conception using the second

14

method, ignored by Amazon's motion, to offer inventor documents Pinpoint produced to Amazon. Pinpoint argues there is no *per se* requirement that an inventor's documents need independent corroboration. There is no single formula to be followed and an inventor's oral testimony may be corroborated using a variety of evidence, including the contemporaneous documents created during the inventive process. *See e.g., Kridl v. McCormick*, 105 F.3d 1146, 1149-50 (Fed. Cir. 1997). Finally, Pinpoint contends Pazzani will not offer testimony to corroborate Pinpoint's documents. Rather, he will testify the inventors' concept documents were sufficiently plain to enable those skilled in the art to understand the invention.

The crux of the parties' dispute is whether exhibits created by the inventors require independent corroboration. In other words, when the inventor uses his own contemporaneous documents to corroborate his testimony, do the documents themselves need independent corroboration? A party seeking to establish conception through testimony of the inventor must provide corroboration. *Mahurkar*, 79 F.3d at 1577. "This requirement arose out of a concern that inventors testifying in patent infringement cases would be tempted to remember facts favorable to their case by the lure of protecting their patent or defeating another's patent." *Id.* However, there is no particular formula an inventor must follow to provide corroboration of his testimony. *Kridl v. McCormick*, 105 F.3d 1146, 1150 (Fed. Cir. 1997). Rather, a rule of reason analysis is applied to assess whether an inventor's testimony is sufficiently corroborated. *Mahurkar*, 79 F.3d at 1577. Under the rule of reason analysis, "an

evaluation of all pertinent evidence must be made so that a sound determination of the credibility of the inventor's story may be reached." *Id.* Corroboration is not needed when a party seeks to prove conception through the use of physical exhibits; the trier of fact determines what the exhibits show when aided by testimony as to what the exhibit would mean to one skilled in the art. *Id.*; *see also Price*, 988 F.2d at 1195-96. Only the inventor's testimony needs corroboration; contents of independent exhibits do not. *Price*, 988 F.2d at 1195-96. Nevertheless, an inventor's unwitnessed documentation, without more, may not be sufficient corroboration. *Brown v. Barbacid*, 276 F.3d 1327, 1335 (Fed. Cir. 2002); *see also Chen and Farina v. Bouchard et al.*, 347 F.3d 1299, 1310 (Fed. Cir. 2003); *Huang v. Cal. Inst. of Tech.*, No. 03-1140, 2004 U.S. Dist. LEXIS 3731, *15-16 (N.D. Cal. 2004). Independent evidence must corroborate the inventors' testimony of conception or reduction to practice. *Brown*, 276 F.3d 1335.

Amazon's motion is premature. The court must wait for trial to evaluate Pinpoint's evidence and to assess whether corroboration of an inventor's testimony or documents is required. Pinpoint asserts it will offer inventor documents to prove conception. The inventors' testimony and documents are not clearly inadmissible. To the extent Amazon contends Pinpoint cannot offer the evidence because Pinpoint provided insufficient discovery responses, Amazon did not comply with Local Rule 37.2. or move to compel supplemental discovery responses. Evidence shall not be barred based only on alleged discovery deficiencies Amazon failed to address within a reasonable time after it was aware of them. However, independent evidence must

16

corroborate the inventors' testimony of conception or reduction to practice. *Id.* Whether the probative value of this evidence is outweighed by the danger of unfair prejudice and jury confusion of the issues shall be determined outside the jury's presence at trial in accordance with Fed. R. Evid. 404(b). Counsel shall not refer to this evidence in opening statements or in questioning witnesses until the issue is resolved. The motion *in limine* is therefore granted in part.

## CONCLUSION

Pinpoint's motion *in limine* to exclude Mark Nusbaum's opinion testimony and Amazon's motion *in limine* to exclude William Ellis' opinion testimony are granted in part and denied in part. Nusbaum and Ellis may not testify to bare legal standards and, to the extent either witness' testimony duplicates that of the parties' technical experts, their testimony is excluded. Nusbaum and Ellis will testify outside the jury's presence. Counsel shall not refer to their testimony in the jury's presence. In addition, counsel shall not refer to prior art disclosure during the '939 patent prosecution, or Pinpoint's evidence to support conception or diligence in the jury's presence. The remaining motions *in limine* are denied.

_____
Judge Richard A. Posner,
Circuit Judge

Dated: November 19, 2004